Case 3:16-cv-03650-EMC   Document 13   Filed 08/22/16   Page 1 of 9

| | |
|---|---|
| Your Name: | Andrew Kerr |
| Address: | 1455 Berlin Way, Livermore, CA 94550 |
| Phone Number: | 415-254-6464 |
| Fax Number: | |
| E-mail Address: | andrew.kerr@akua.com |
| Pro Se | |

FILED 2016 AUG 22 A 9:49 SUSAN Y. SOONG CLERK, US DISTRICT COURT NO. DIST. OF CA.

# United States District Court
## Northern District of California

| | |
|---|---|
| SEC | Case Number: 3:16-CV-03650-EMC |
| Plaintiff(s), | NOTICE OF MOTION AND MOTION TO DISMISS 12(b)6 |
| vs. | |
| Andrew F. Kerr | AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF |
| | DATE: Thursday, Sept. 29th, 2016 |
| | TIME: 1:30pm |
| Defendant(s). | COURTROOM: 5, 17th floor |
| | JUDGE: Hon. Edward M. Chen |

PLEASE TAKE NOTICE that on *[date]* Thursday, September 29th, 2016_____, at *[time]* 1:30pm_____, or as soon thereafter as the matter can be heard, in the courtroom of the Honorable *[judge's name]* Edward M Chen_____, located at *[address of courthouse and courtroom number]* 450 Golden Gate, San Francisco, CA_____ I will,



1 | and hereby do, move for an order granting the attached *[name of the motion]* **MOTION TO**
2 | DISMISS 12(b)6
3 | _____
4 | _____
5 | The motion will be based on this Notice of Motion and Motion, the Memorandum of
6 | Points and Authorities below, the Declaration(s) of *[names of people who wrote declarations]*
7 |
8 |
9 | _____ and the [Proposed] Order filed herewith.
10 | **MEMORANDUM OF POINTS AND AUTHORITIES**
11 | *Before completing this section, read Chapter 11 of the Pro Se Handbook. This section should include the following separate parts. Number each part.*
12 |
13 | 1. *A table of contents and a table of authorities, if the memorandum is longer than ten pages;*
14 | 2. *A statement of the **issues** you want the court to decide;*
15 | 3. *A brief statement of the **facts** that are relevant to this motion;*
16 | 4. *Your **argument** for why the judge should grant this motion. Include citations to relevant cases and law. When you refer to specific facts, those facts should also appear in a DECLARATION, which you must submit with this motion. After you state a fact in this section of the motion, state what paragraph of the DECLARATION contains the fact you are using to support your position.*

NOTICE OF MOTION AND MOTION TO DISMISS 12(b)6
CASE NO. 3:16-CV-03650-EMC ; Page \_\_ of \_\_ *[JDC TEMPLATE 11/2015]*

1. Introduction

Plaintiff alleges that in 2012, Defendant, who purchased shares in Authentec each year on margin from 2010 to 2012, engaged in a violation of section 10(b) of exchange act and rule 10(b)5 thereunder, through the misappropriation of information to purchase securities. An essential element of a claim under Section 10(b) is the use or possession of material or nonpublic information. The claims submitted by the Plaintiff rest on purely conclusory allegations.

The theory of the SEC's case is that Defendant received material, nonpublic information from his mother about his brother's company. Plaintiff alleges that Defendant's brother gave their mother his travel arrangements for a work trip so that she could arrange to watch her grandchildren.  The SEC then concludes that Defendant received from his mother information about a proposed acquisition of his brother's company, even though there is no allegation that his mother ever received any such information.  This leap is not justified by any factual allegations in the complaint.  The SEC has failed to allege that Defendant's brother passed any material, nonpublic information to his mother that could have been, or ever was, passed on to Defendant. Defendant respectfully requests that the Court dismiss the complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

2. Issues
   a. Whether Plaintiff has alleged sufficient facts to establish that Kerr's brother gave material, nonpublic information to his mother.
   b. Whether Plaintiff has alleged sufficient facts to establish that Kerr's mother passed material, nonpublic information to Kerr.
   c. Plaintiff has failed to state a claim because without identification of any particular material, nonpublic information that Kerr received from his mother, the conclusion that Kerr acted recklessly is without any factual support

3. Facts
   Plaintiff alleges that the Kerr family was close and communicated often. (Dkt. #1, para. 17-20). Kerr's brother was an executive at Authentec who learned of a possible acquisition by Apple on May 4th or 5th at which time stock price was 3.33, which increased to $5.07 on July 26th and finally closed at $8.42 on July 27th after the public announcement, which closed at $8 on October 4th, 2012 (24-30). On May 5th, Kerr's brother arranged for child care arrangements with Kerr's mother. On May 7th, Kerr's brother sent Kerr's mother his travel itinerary to San Francisco from May 9th – 11th. On May 11th Kerr's brother entered into a non-disclosure agreement with Apple. (Dkt. #1, para. 31-34). Plaintiff alleges that between May 5 and 7, Kerr's

mother and his brother discussed childcare during Kerr's brother's trip.  It then makes the conclusory and vague allegation that during these calls about childcare, Kerr's mother learned of a proposed acquisition of Authentec by Apple. (Dkt. #1, para. 35.) Plaintiff does not allege any specific statements by Kerr's brother, any specific information about the "proposed acquisition" relayed from Kerr to his mother, or that Kerr's brother breached any duty by disclosing any information to his mother.

On May 7th at 12:36 pm Kerr received a phone call less than 2 minutes in duration from Kerr's parents residence. Based on this factual allegation, Plaintiff makes the unreasonable inference that the phone call was a.) from Kerr's mother and b.) in regard to negotiations with Apple. (Dkt. #1, para. 36). This inference of the content of the phone call is made in light of an upcoming trip Kerr's mother was planning to visit her newborn grandchild a few days later on May 11th. (Dkt. #1, para. 44). Plaintiff does not allege that Kerr's mother made any specific statements or identify what specific, material nonpublic information she told him.  Later that afternoon, and over the next month, Kerr purchased additional shares of Authentec stock. (Dkt. #1, para. 52.).

4. DISCUSSION

According to **Bell Atlantic Corp. v. Twombly**, 550 U.S. <u>544</u> "plaintiffs must include enough facts in their complaint to

make it plausible—not merely possible or conceivable—that they will be able to prove facts to support their claims". The entire claim in this case rests on unsupported conclusory statements that are just merely possible or conceivable but have no factual basis whatsoever. In *Twombly*, the Supreme Court held that in complex litigation, the defendant should not to be put to the cost of pretrial discovery, which can be so steep as to coerce a settlement even when plaintiff's claim is very weak—unless the complaint says enough to allow an inference that the case may have merit.

    a. Plaintiff has failed to state a claim because it has not identified any material, nonpublic information that Kerr's brother disclosed to Kerr's mother.

Plaintiff has failed to identify any or what material and nonpublic information was disclosed from Kerr's brother to Kerr's mother. As such it would be impossible to discern whether such information would be considered material and nonpublic. Plaintiff has failed to support this notion on any factual basis and merely suggests it as a possibility. The only information the SEC alleges was discussed were Kerr's brother's travel itinerary to San Francisco and childcare arrangements, which are not considered material and nonpublic information. Additionally, there has been no allegation that Kerr's brother breached his duty of confidentiality by telling his mother of a possible acquisition of Authentec by Apple. To the contrary, claim states that Kerr's brother was highly aware of the extreme sensitivity

1 | and significant monetary penalties for leaking information (Dkt.
2 | #1, para. 29).
3 |
4 |     b. Plaintiff has failed to state a claim because it has not
5 |        identified any material, nonpublic information that Kerr
6 |        received from his mother
7 |
8 | Plaintiff has failed to identify any or what material and
9 | nonpublic information was disclosed from Kerr's mother to
10 | Kerr's. Plaintiff simply states Kerr learned of information
11 | about the negotiations during a short phone call on May 7th 2012
12 | at 12:36pm (Dkt. #1, para. 36). The statement is very vague and
13 | provides no support or insight as to whether alleged information
14 | was material or nonpublic. Plaintiff is merely stating a
15 | conclusory statement without providing supportive evidence. To
16 | the contrary, in light if an upcoming trip to visit Kerr's
17 | newborn son, evidence would seem to indicate phone call was in
18 | regard to travel arrangements. Plaintiff can not merely make a
19 | bare statement without supporting evidence.
20 |
21 |     c. Plaintiff has failed to state a claim because without
22 |        identification of any particular material, nonpublic
23 |        information that Kerr received from his mother, the
24 |        conclusion that Kerr acted knowingly or recklessly is
25 |        without any factual support.
26 |
27 | Without plaintiff stating with any particularity, or providing
   | evidence, as to what material and nonpublic information was

ultimately transferred from Kerr's mother to Kerr, it would not be possible to suggest Kerr acted in a knowing or reckless manner. Plaintiffs claim simply does not provide enough information to determine whether defendant acted knowingly or recklessly.

Conclusion

Plaintiff takes a narrow view of trading history but also alleges trades were not unusual compared to prior years (Dkt. #1, para. 41). While plaintiff alleges that defendant took advantage of an increase in purchasing power through cash, savings and margin accounts it also alleges this was normal compared to prior years with a relatively high margin balance of $15,500 in November of 2011 (Dkt. #1, para. 55). Additionally, before acquisition announcement, Authentec stock demonstrated a high demand, increased purchasing and a bullish stance from the entire market forcing the stock price from and average price of $3.33 to $5.07 on July 26th (Dkt. #1, para. 30).

The only circumstantial evidence plaintiff seems to refer to, is that some trades were made around a period of acquisition discussions. Surely, at face value, such circumstantial evidence cannot be enough to support the required element of possession or use of material nonpublic information and would lead to an excessive amount of claims being brought against citizens of the United States. The elements of providing proof that nonmaterial nonpublic information was exchanged does not exist, the

circumstantial evidence is vague with highly conclusory and bare statements. Defendant respectfully requests to consider Twobly and not allow defendant to be put to the cost of pretrial discovery, which can be so steep as to coerce a settlement even when plaintiff's claim is very weak. Defendant respectfully requests that the court dismiss complaint for failure to state a claim upon which relief may be granted.

Andre Lea