Robert K. Levenson
Florida Bar # 0089771
Senior Trial Counsel
Plaintiff Securities and Exchange Commission
801 Brickell Avenue, Suite 1800
Miami, FL  33131
Telephone:  (305) 982-6341
Facsimile:  (305) 536-4154
levensonr@sec.gov

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>ANDREW F. KERR,<br><br>    Defendant. | Case No. 3:16-CV-03650-EMC<br><br>**FINAL JUDGMENT AS TO DEFENDANT ANDREW F. KERR** |

The Securities and Exchange Commission having filed a Complaint, and Defendant Andrew F. Kerr having: entered a general appearance, consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to personal and subject matter jurisdiction and except as otherwise provided in Section IV); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

**I.**

**SECTION 10(b) OF THE SECURITIES EXCHANGE ACT OF 1934**

**IT IS ORDERED AND ADJUDGED** that Kerr is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Exchange Act Rule 10b-5, 17 C.F.R. § 240.10b-5, by

using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact, or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Kerr's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Kerr or with anyone described in section (a) of this paragraph.

**II.**

**DISGORGEMENT, PREJUDGMENT INTEREST, AND A CIVIL PENALTY**

**IT IS FURTHER ORDERED AND ADJUDGED**  that Kerr is liable for disgorgement of $62,088.63, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest on disgorgement of $8,522.18, for a total of $70,610.81. Based on Kerr's sworn representations in his Statement of Financial Condition dated January 30, 2017 and other documents and information submitted to the Commission, the Court is not ordering Kerr to pay a civil money penalty and payment of all but $52,461.65 of the disgorgement and pre-judgment interest is waived.  The determination not to impose a civil penalty and to waive payment of all but $52,461.65 of the disgorgement and prejudgment

interest is contingent upon the accuracy and completeness of Kerr's Statement of Financial Condition.  If at any time following the entry of this Final Judgment the Commission obtains information indicating that Kerr's representations to the Commission concerning his assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time he made such representations, the Commission may, at its sole discretion and without prior notice to Kerr, petition the Court for an order requiring Kerr to pay the unpaid portion of the disgorgement, pre-judgment and post-judgment interest thereon, and the maximum civil penalty allowable under the law.  In connection with any such petition, the only issue shall be whether the financial information provided by Kerr was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such misrepresentations were made.  In any such petition, the Commission may move the Court to consider all available remedies, including but not limited to order Kerr to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of the Court's Final Judgment.  The Commission may also request additional discovery.  Kerr may not, by way of defense to such petition: (1) challenge the validity of this Consent or the Final Judgment; (2) contest the allegations in the complaint; (3) assert that payment of disgorgement, pre-judgment or post-judgment interest, or a civil penalty, should not be ordered; (4) contest the amount of disgorgement or pre-judgment or post-judgment interest; (5) contest the imposition of the maximum civil penalty allowable under the law; or (6) assert any defense to liability or remedy, including but not limited to any statute of limitations defense.

     Kerr shall pay the $52,461.65 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.  Kerr may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also

be made directly from a bank account via Pay.gov through the Commission website at http://www.sec.gov/about/offices/ofm.htm.  Kerr may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

>  Enterprise Services Center
>  Accounts Receivable Branch
>  6500 South MacArthur Boulevard
>  Oklahoma City, OK  73169

and shall be accompanied by a letter identifying the case title, civil action number, name of this Court, and Kerr's name as a defendant in this action, and specifying that payment is made pursuant to this Final Judgment.

Kerr shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action, Robert K. Levenson, Securities and Exchange Commission, 801 Brickell Ave., Suite 1800, Miami, FL, 33131.  By making this payment, Kerr relinquishes all legal and equitable rights, title, and interest in such funds and no part of the funds shall be returned to Kerr.  The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment.  Kerr shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

### III.

### INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that Kerr's Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Kerr shall comply with all of the undertakings and agreements set forth therein.

## IV.

## EXCEPTION TO BANKRUPTCY DISCHARGE

**IT IS FURTHER ORDERED AND ADJUDGED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Complaint are deemed true and admitted by Kerr, and, further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Kerr under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Kerr of the federal securities laws or any regulation or order under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## V.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Done and Ordered in Chambers in San Francisco, California, this <u>4th</u> day of <u>  April  </u>, 2017.



_____
EDWARD M. CHEN
UNITED STATES DISTRICT JUDGE

Copies: Counsel and Parties of Record